## COTTER, RESPONDENT, *v.* BUTTE & RUBY VALLEY SMELTING COMPANY, APPELLANT.

### (No. 1,931.)

(Submitted June 18, 1904.   Decided July 9, 1904.)

*Corporations — Stockholders — Contract — Rescission — Instructions — Jury—Verdict—New Trial—Abuse of Discretion.*

1. Under Civil Code, Sections 2271, 2273, requiring that the party rescinding a contract must rescind promptly on discovering the facts, and must restore, or offer to restore, everything of value received under the contract, a complainant undertaking to rescind a contract of purchase of stock, under which he paid certain money, and demanding a return of the money, is not entitled to rescission, where the existence of none of the grounds of rescission is shown, and complainant has not complied with the prescribed rules governing rescission.

2. Where plaintiff rescinded a contract of purchase of stock and demanded a repayment of the money after he had been recognized as a stockholder and voted the stock, a finding for defendant was justified under an instruction that if plaintiff paid the money with the understanding that he was to receive stock, and defendant failed to deliver to him the stock in a reasonable time, the jury should find for plaintiff.

3. Where a company recognized plaintiff as a stockholder, and he was permitted to vote the stock at stockholders' meetings, he was estopped to deny a delivery of the stock to him and acceptance of it.

4. Where instructions warranted a finding for defendant, but were inconsistent and conflicting with other instructions, the court abused its discretion in granting a new trial on the ground that the verdict was against the law because contrary to the instructions, since the verdict, while opposed to some of the instructions, was warranted by others.

5. One can be a stockholder prior to the issuance and delivery to him of certificates of stock. The mere issue of the certificates of stock to him would but furnish him with evidence of his ownership.

6. The jury is bound by the law as given by the court, whether correct or not, and, if they do not follow such instructions in rendering their verdict, the verdict will be set aside and a new trial granted.

*Appeal from District Court, Silver Bow County; William Clancy, Judge.*

ACTION by George H. Cotter against the Butte & Ruby Valley Smelting Company. From an order granting plaintiff a new trial, the defendant appeals. Reversed.

*Mr. Robert McBride,* and *Mr. James E. Murray,* for Appellant.

As a proposition of law, appellant maintains that the instructions must be considered as a whole, and if contradictory instructions are to be found, some of which state the law and some of which do not, then those instructions which set forth the law correctly are to be considered as the law of the case, and a verdict brought in in accordance therewith cannot be said to be against law; in other words, if contradictory instructions are given, the whole charge must be considered together, and that construction must be adopted which will harmonize the different parts, if possible; or, if several instructions are given, some of which state the law, and some of which do not, then those instructions which set forth the correct law are to be considered as the law of the case. (Hayne on New Trial, Sec. 123.)

The certificate is not stock, but merely a convenient representative of it. It is only the indicia of title and the issuance of the certificate is not a necessary preliminary to constitute one a stockholder. (*Columbia Electric Co.* v. *Dixon,* (Minn.) 49 N. W. 244; *Mitchell* v. *Beckman et al.,* (Cal.) 28 Pac. 110; *Pacific Fruit Co.* v. *Coon,* (Cal.) 40 Pac. 542; *Cal. S. Hotel Co.* v. *Callender,* (Cal.) 29 Pac. 859, 861; *Marson* v. *Deither,* 52 N. W. 38.)

Mr. Cotter is not in a position to demand certificates for the ten thousand shares; neither is he in a position to ask for certificates representing the amount with which he is credited, for his contract or agreement with these parties called for ten thousand shares, and for which he has not fully paid. It is one contract and is indivisible. (*Johnson* v. *Albany S. R. R. Co.,* 54 N. Y. 416.)

The verdict of the jury must conform to the issue submitted to them, and in this case a verdict for any amount other than six thousand dollars would be in violation of this instruction

given at plaintiff's request, and would certainly be against law. (*Dixon National Bank* v. *Spielman,* 43 Ill. App. 475.)

A verdict for any other amount than the amount directed by these instruction would be set aside. (*Powers* v. *Gourad,* 19 Misc. Rep. N. Y. 268.)

A motion for a new trial, in so far as it is based upon errors of law occurring at the trial, presents a question of law and is not addressed to the discretion of the court. (*U. S.* v. *Trabring et al.,* 68 Pac. 821.)

An order granting a new trial is an appealable order which indicates that the trial judge who grants a new trial must not act arbitrarily but upon facts showing a legal ground. (*Bratsworth* v. *Aikem et al.,* 49 N. W. 419; *Clifford* v. *Denver, etc. R. R. Co.,* 20 Pac. 335; *Rowe* v. *Matthews,* 18 Fed. 132.)

The lower court having once granted a new trial, and thereafter having vacated that order, its jurisdiction ended, and it could not again open up the matter and allow another motion, upon any grounds which were presented, or might have been presented, in the first instance. The motion of plaintiff demanded a rehearing of a matter once determined and which was *res adjudicata.* (*Egan* v. *Egan,* 27 Pac. Rep. 22.)

*Mr. John J. McHatton,* and *Mr. George F. Shelton,* for Respondent.

MR. COMMISSIONER CLAYBERG prepared the following opinion for the court:

This is an appeal by defendant from an order granting plaintiff a new trial.

Plaintiff filed a complaint in which he sought to recover upon five separately stated causes of action. The defendant answered the first cause of action, and allowed judgment to be taken against it on the other four. Plaintiff replied to this answer by way of general denial. By these pleadings an issue was formed, which was tried before a jury, and a verdict was rendered for

defendant.    Plaintiff moved for a new trial, which was also granted.

The cause of action thus tried arose out of the following circumstances:    In 1899 a syndicate composed of Charles Schatzlein, William Owsley, Silas F. King, John W. Cotter and S. W. Davis agreed and mutually contracted to enter into a company or co-partnership for the purpose of carrying on smelting and mining operations through a lease of the properties of the Montana Smelting & Mining Company at Twin Bridges.    It appears that these parties paid certain money to rehabilitate the properties leased, and to prepare for the operations of the company.    Cotter paid $6,000, and says:    "There was a corporation to be formed, and we were to take stock in the corporation." The corporation was subsequently organized, and corporate meetings were held, at which Cotter participated as a stockholder, voting 10,000 shares of stock.    Afterwards the capital stock of the corporation was increased, in which proceedings Cotter also participated as a stockholder.    No certificate of stock was ever delivered to Cotter.    After some time two of the syndicate turned over certain promissory notes to the First National Bank of Butte, and that bank brought suit thereon, attaching all the properties of the company.    The record is somewhat indefinite as to the purpose and character of these notes, but, as we view the case, this matter is entirely immaterial.    After the attachment Cotter gave notice to defendant and to its president and secretary in the following form:    "Gentlemen:    You and each of you are hereby notified and requested to return and pay over to me the sum of $6,000 which was heretofore paid to the Butte & Ruby Valley Smelting Company, on or about the 15th day of September, A. D. 1899, as a subscription for stock in the said company, which said stock has never been delivered to me, and I have elected to rescind the said contract of subscription for stock, owing to the failure of the company to deliver the stock to me in accordance with the terms of my subscription; and I hereby demand that the said company immediately repay to me the said sum of $6,000 with interest thereon from the date of

the payment of the same to the said company to the date of repayment of same to me. Dated, Butte, Mont., September 4, 1902. John W. Cotter." Subsequently Cotter assigned his claim to plaintiff, and this suit was brought.

1. The issue presented by the pleadings and proof was a very narrow one, and the evidence on material points was practically undisputed. Cotter says that he paid $6,000, which the company used, and that he was to have stock in return for it. He admits that the company was organized; that stockholders' meetings were held, at which he participated as a stockholder, voting 10,000 shares of stock. It will be noticed that he undertook to rescind the contract under which the money was paid, and demanded a return of his money. He did not seek to compel the delivery to him of the certificates representing his stock, or to recover damages because the certificates were not delivered. His admissions that he paid the money for the benefit of the company and was to take stock therefor, and that he voted such 10,000 shares of stock as a stockholder in corporate meetings of the company, seem to us to be conclusive in this case that he was recognized as a stockholder by the company, and is estopped to claim the contrary. The mere issue of the certificates of stock to him would but furnish him with evidence of his ownership. One can be a stockholder prior to the issuance and delivery to him of certificates of stock. (Clark & Marshall on Private Corporations, Secs. 378a, 378b; Cook on Corporations, Sec. 13; *Cartwright* v. *Dickinson,* 88 Tenn. 476, 12 S. W. 1030, 7 L. R. A. 706, 17 Am. St. Rep. 910; *Mitchell* v. *Beckman,* 64 Cal. 117, 28 Pac. 110; *California Hotel Co.* v. *Callender,* 94 Cal. 120, 29 Pac. 859, 28 Am. St. Rep. 99; *Pacific Fruit Co.* v. *Coon,* 107 Cal. 447, 40 Pac. 542; *Packard Machinery Co.* v. *Lacy,* 100 Wis. 644, 76 N. W. 596.)

Section 2271 of the Civil Code provides that contracts may be rescinded "in the following cases only": "(1) If the consent of the party rescinding, or of any party jointly contracting with him, was given by mistake, or obtained through duress, menace, fraud or undue influence, exercised by or with the connivance

of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party; (2) if, through the fault of the party as to whom he rescinds the consideration for his obligation fails, in whole or in part; (3) if such consideration becomes entirely void from any cause; (4) if such consideration, before it is rendered to him, fails in a material respect, from any cause; or, (5) by consent of all the other parties."

Section 2273 provides that rescission "can be accomplished only" by compliance with the following rules: "(1) He must rescind promptly, upon discovering the facts which entitled him to rescind, if he is free from duress, menace, undue influence or disability, and is aware of his right to rescind; and, (2) he must restore to the other party everything of value which he has received from him under the contract, or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so."

The record is barren of pleading or proof of the existence of any of the grounds of rescission mentioned in Section 2271, *supra,* and of compliance with either of the rules announced in Section 2173, *supra.* There was, therefore, no rescission shown. Before the right to recover the money paid upon the contract arose, the contract must have been rescinded.

2.    One of the grounds urged by plaintiff upon his motion for a new trial was that the verdict was "against the law," being contrary to the instructions of the court. All the instructions given are to be taken into consideration in determining this question, and if the verdict was justified by any of the instructions given, and the instructions as a whole were inconsistent or conflicted with each other, the verdict was not contrary to the instructions.

By instruction No. 1 the jury were charged that if they found from the evidence that Cotter paid to defendant $6,000, or any amount, with the understanding that he was to receive a certain number of shares of the capital stock of the company, and if they

further found "that defendant failed or neglected to deliver to him shares of its capital stock within a reasonable time, or at all, thereafter," and that Cotter demanded a repayment to him of the amount and interest, and assigned his claim to plaintiff before the commencement of the suit, they should find a verdict for plaintiff. Under this instruction we believe that the jury was justified in finding a verdict for defendant. As above stated, the certificate of stock is merely evidence of ownership. The evidence disclosed that the company recognized Cotter as a stockholder to the extent of 10,000 shares, and that he voted that amount of stock as a stockholder at different stockholders' meetings of the company. In our opinion this is equivalent to a delivery of the shares of stock to Cotter and an acceptance by him which he is estopped to deny, and that the jury might have found such delivery, and therefore have rendered a verdict for defendant.

In instruction No. 2 the court charged the jury that if they found from the evidence that Cotter paid $6,000 as subscription to the capital stock of said company, to be thereafter organized, and if they further found that the company was organized and did not deliver to Cotter the certificates of stock for which he had subscribed or paid, "and if you further find that after the expiration of such reasonable time he rescinded said contract, and demanded a repayment to him of the money so paid as a consideration for such stock, to be delivered," and if they further found that he assigned his claim to the plaintiff before the commencement of the suit, and that same has not been paid since the assignment, the verdict should be in favor of plaintiff for the amount so paid, together with interest. Instructions Nos. 4 and 5 also left the question of rescission to the jury. The jury may have found, and were justified in finding, under these instructions and the evidence, that the contract had not been rescinded.

In instruction No. 8 the court charged the jury that "you are instructed that the written notice offered in evidence in this case, signed by John W. Cotter, and notifying defendant that he had

elected to rescind the contract of subscription, and demanding a repayment of money claimed to be due him thereunder, was a sufficient rescission of said contract, and rescinded the same, provided you find that defendant failed to deliver to said John W. Cotter the stock subscribed for by him, as explained in these instructions." By this instruction the court took away from the jury the right to find as to whether or not Cotter rescinded the contract, but left the jury to find upon the delivery of the stock. This instruction is inconsistent with the others given, and clearly the jury might have returned a verdict for defendant upon a finding that the stock had been delivered.

The court below was evidently confused upon the necessity for the delivery of the *certificate of the shares* of stock, instead of placing Cotter in the position of a stockholder and recognizing him as such.

Under the cases of *Murray* v. *Heinze,* 17 Mont. 353, 42 Pac. 1057, 43 Pac. 714, and *King* v. *Lincoln,* 26 Mont. 157, 66 Pac. 836, the rule of this court has been established that the jury is bound by the law as given by the court, whether correct or not, and, if they do not follow such instructions in rendering their verdict, the verdict will be set aside and a new trial granted. This rule was adopted in California, as announced in the case of *Emerson* v. *Santa Clara County.,* 40 Cal. 543. In our opinion this rule is not applicable in this case. Taking the whole charge of the court together, the jury was warranted by instructions 1, 2, 4 and 8, as above recited, to find a verdict for defendant.

In the case of *Altoona Quicksilver M. Co.* v. *Integral Quicksilver M. Co.,* 114 Cal. 100, 45 Pac. 1047, the court instructed the jury to find a verdict against plaintiff. At the same time he gave other instructions submitting the entire case to the jury. The court say : "In various instructions it submitted to the jury the question as to whether the plaintiff or its grantors had complied with the law in regard to the location and working the mine, and as to its claim of right by actual adverse possession.

The jury found for the plaintiff. In so doing they disobeyed the express direction to find against the plaintiff, but they obeyed the other direction to consider and pass upon the rights of the plaintiff, and to find according to the facts and principles of law declared by the court. The judge, in considering the case on motion for a new trial, was convinced that he had erred in directing the jury to find against the plaintiff, but thought, nevertheless, he was bound to grant a new trial on the authority of *Emerson* v. *Santa Clara Co.*, 40 Cal. 543, in which it was held that a verdict against the instruction of the court is a verdict against the law. This case is not within the reason of that case. Here the instructions were, in effect, contradictory, and the verdict, while opposed to one instruction, is warranted by others."

Under the case of *Murray* v. *Heinze, supra,* we are not allowed to consider the correctness of any of the instructions given to the jury, but we hold that we may look to the instructions to ascertain whether or not any thereof justified the verdict as returned by the jury. We have seen that the verdict was justified by instructions 1, 2, 4, 5 and 8.

We cannot conceive how any verdict could be rendered upon the testimony as disclosed in the record except one for defendant. This being the case, we can perceive no reason for granting a new trial, and we therefore conclude that the court below abused its discretion in granting the new trial prayed for, and advise that its action in that regard be reversed.

We have not been aided in the investigation of this appeal either by printed brief or oral argument in behalf of respondent.

Per Curiam.—For the reasons stated in the foregoing opinion, the order appealed from is reversed, and the court below instructed to set aside the order granting the plaintiff a new trial.

Mr. Justice Milburn, not having heard the argument in this case, does not participate in this decision.