[S. F. No. 8482.   In Bank.—October 8, 1919.]

E. W. NEWELL, Respondent, v. E. B. & A. L. STONE COMPANY (a Corporation), Appellant.

[1] VENDOR AND VENDEE—CONTRACT OF SALE—DEFAULT OF VENDEE—TENDER OF DEED AND DECLARATION OF FORFEITURE—CONTRACT NOT MUTUALLY RESCINDED—RECOVERY OF MONEYS PAID NOT PERMISSIBLE.—A contract for the sale of land is not rescinded by mutual consent so as to entitle the vendee to recover the payments made on account of the purchase price, by the giving of a notice by the vendor after default by the vendee, tendering a deed upon payment of the balance due and declaring that if immediate payment is not made all rights of the vendee under the contract and all moneys paid by him will be forfeited.

[2] ID.—ACCEPTANCE OF OVERDUE PAYMENTS—WAIVER OF DEFAULT—SUBSEQUENT FORFEITURE—NOTICE.—A vendor by accepting payments after the times specified in the agreement waives the provision with reference to time being of the essence of the contract as to such payments, and cannot thereafter effectually declare a forfeiture of the vendee's right to purchase, and of the payments already made, without notice that in the future a strict performance would be required.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Reversed.

The facts are stated in the opinion of the court.

W. F. Williamson, Ernest L. Brune and Sloss, Ackerman & Bradley for Appellant.

Harding & Monroe for Respondent.

MELVIN, J.—Defendant appeals from a judgment upon a suit for money had and received.

The plaintiff, E. W. Newell, and the defendant corporation entered into a written contract on April 7, 1913, whereby the former agreed to purchase and the latter to sell certain real property for nine thousand two hundred dollars. Of this amount the sum of five hundred dollars was paid at the date of the agreement. The sum of one thousand five hundred dollars was due August 1, 1913, and the balance was to be paid in monthly installments of at least two hundred dollars. There was a provision for the monthly payment of interest; time was expressly made of the essence of the agreement; and it was further provided that upon default in the payment of any of the installments the vendor, E. B. & A. L. Stone Company, might at its option, without notice to the vendee, declare the entire principal and interest immediately due.

The vendee failed to pay the first installment of one thousand five hundred dollars, due August 1, 1913, but on December 13, 1913, a payment, on account, of something more than five hundred dollars was accepted, and thereafter other sums were paid at various times not specified in the contract until $2.694.83 had been received by the vendor.

On April 28, 1915, the vendor (defendant in this action) served upon plaintiff a notice reciting the terms of the agreement. The notice contains the following statement by way of recital: "At all times the undersigned (E. B. & A. L. Stone Company) has stood ready, willing and able to comply with the terms of said contract, and that it is not the intention of the undersigned in any manner to rescind or abandon said contract, and nothing herein shall be construed to be a consent in any way to a rescission or abandonment of said contract." Then follow recitals that time is of the essence of the contract, and that default has been made by the vendee in consequence of which he has abandoned the contract, and the vendor notifies the vendee that in order to determine that it is the latter's "express intention as purchaser to abandon said contract," a deed to the land is ready and is thereby tendered to the vendee upon payment of the balance of the purchase price, with interest as specified in the agreement, provided the entire balance should be paid immediately upon receipt of the notice. The closing words of the notice are as follows: "Unless said

entire balance shall be paid immediately as aforesaid, the undersigned, in accordance with the terms of said contract, hereby declares that it shall be relieved from all obligations in law or equity to convey the property hereinbefore described, or any part thereof, and that you shall forfeit all right thereto under this contract, and all rights to any and all moneys paid thereon, which shall be deemed payments for the right to have the option to purchase said property, and none of the same shall be returned, and the undersigned hereby further notifies you that it will thereupon, in accordance with its rights, immediately, or at its convenience thereafter, enter upon said lands and premises, and take possession thereof, together with the improvements constructed thereon, and the appurtenances thereunto belonging.'' On August 4, 1916 (more than a year after the service of notice), the vendee demanded return of the moneys paid under the contract, and this demand being refused, instituted the present action.

The court found that defendant, although it had accepted payments from plaintiff while he was in default, by the writing of April 28, 1915, ''notified plaintiff . . . that it exercised its option under said contract to cancel the same, and notified plaintiff that all his rights under said contract had terminated; that the moneys paid to defendant were forfeited and that defendant would retake possession of said real property, and defendant did re-enter and take possession of said real property in said contract described; that no notice was ever given to plaintiff of any intention on the part of defendant to insist upon its right to forfeit said contract, and no notice whatever was served upon plaintiff, except the notice of cancellation and claim of forfeiture above referred to.''

This finding is attacked by appellant as being without justification. And appellant also insists that the further finding that ''plaintiff accepted said notice of forfeiture as a rescission on the part of defendant of said contract'' is not sustainable.

The question to be determined by this court is whether or not the giving of the notice and the conduct thereafter of the parties to the contract amounted to a rescission by their mutual consent. [1] We are of the opinion that it did not. In the first place, there was an express declaration by the vendor that it was not seeking to rescind. This, of course, would amount to nothing if the other parts of the notice were

in contradiction of the vendor's declared intention. But we do not so interpret them.

[2] Under the authorities the vendor, by accepting payments after the times specified in the agreement, waived the provision with reference to time being of the essence of the contract as to those payments, and could not thereafter effectually declare a forfeiture of vendee's right to purchase, and of the payments already made, without notice that in the future a strict performance would be required. That is the doctrine of such cases as *Boone* v. *Templeman,* 158 Cal. 290, [139 Am. St. Rep. 126, 110 Pac. 947] , *Stevinson* v. *Joy,* 164 Cal. 279, [128 Pac. 751] , *Butte Creek Consolidated Dredging Co.* v. *Olney,* 173 Cal. 697, [161 Pac. 260], and *Pearson* v. *Brown,* 27 Cal. App. 125, [148 Pac. 956]. The vendee was in default over twenty months at the time the notice was served, that is to say, more than four thousand dollars in monthly installments had not been paid when due. If, within a reasonable time after receipt of the notice, the purchaser had tendered payment of the amounts due under the terms of the contract, perhaps the seller would have been bound to accept such tender. But this is not a case in which a vendee having offered to perform seeks to compel performance of the contract by the vendor. By its notice the vendor was not seeking to rescind the contract, but to declare the vendee's rights forfeited and itself entitled to the moneys previously paid by Newell because of the latter's supposed breach of the agreement. The mere fact that the vendor may have been in error in supposing and declaring that unless *immediate* payment were made of the entire balance of the purchase price it could consider the rights of the vendee foreclosed does not convert the notice into a declaration that the vendor elected to rescind. On the contrary, defendant sought to stand upon the contract and to enforce its terms. The corporation had done no act of abandonment of the agreement. On the contrary, it had extended to Mr. Newell the favor of accepting payments long past due. The plaintiff could not take advantage of his own default. (*Glock* v. *Howard,* 123 Cal. 1–19, [69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713].) Plaintiff was in default when the notice was received by him. True, his prior defaults had been condoned, and he could have reinstated himself by making prompt payments of the balance due under the terms of the contract, but he could not, by merely saying nothing,

gain the right to demand repayment of the installments of the purchase price previously made.   He could not place defendant in default unless he at least tendered to defendant all that was due under the agreement up to the date of his offer.   He made no such tender.   Therefore, he should not prevail in this suit.

Judgment reversed.

Shaw, J., Lennon, J., Wilbur, J., Olney, J., Lawlor, J., and Angellotti, C. J., concurred.