HAMMOND–DODSON CO. ET AL., RESPONDENTS, *v.* SLATTERY, APPELLANT.

(No. 5,207.)

(Submitted May 21, 1923.  Decided June 12, 1923.)

[216 Pac. 323.]

*Cancellation of Instruments—Vendor and Purchaser—Land Contracts—Default of Purchaser—Notice of Cancellation—Election of Remedies—Instrument Menace to Plaintiff's Title—Complaint—Sufficiency—Tender—Agreed Statement of Facts—Appeal and Error.*

Cancellation of Instruments—Land Contracts—When Action Maintainable.
  1.  Where a contract for the sale of land provides that, upon a breach by the purchaser, the vendor may cancel the contract, the vendor may, upon a breach by the vendee, if the instrument be a menace to his title, maintain an action to have the contract canceled and the menace removed.

Same—Land Contracts—When Action not Maintainable Against Purchaser.
  2.  *Obiter:* Where a purchaser has subsisting rights under a land contract, a cancellation at the instance of the vendor will not be decreed.

Same—Valid and Subsisting Contract—When Cancellation Proper.
  3.  Where by reason of his default in payments under a land contract and the consequent breach thereof the purchaser had no longer any rights thereunder, and by the terms of the contract the vendor in that event was given the right to cancel it himself or to maintain an action for its cancellation, the holding of the court that the contract was valid and subsisting as far as the rights of plaintiff

were concerned and that the action was properly before it was correct.

Appeal and Error—Agreed Statement of Facts—Extent of Review by Supreme Court.

4.   Where a cause was decided on an agreed statement of facts, the only inquiry the supreme court can make on appeal is whether the correct result was reached.

Cancellation of Instruments—Notice.

5.   Where all other facts are present entitling a party to a decree canceling a contract, no notice other than the commencement of the action is required.

Same—Default of Purchaser—Remedy Provided in Contract.

6.   Where a land contract provided that in case of default on the part of the purchaser, the vendor could cancel it himself or "as provided by law," the institution of a formal action for its cancellation was one of the remedies provided by the contract, to-wit, "as provided by law," and the contention that the remedy prescribed by the contract, being exclusive, had not been followed, was without merit.

Same—Notice—Election of Remedies—What Does not Constitute.

7.   Notice to the purchaser that the vendor would institute suit for the cancellation of a land contract unless amount due was paid immediately, *held* not to have been an election to hold the purchaser for the unpaid balance, but a warning that the provisions of the contract as to cancellation would be enforced.

Same—Menace to Plaintiff's Title—Complaint—Sufficiency.

8.   Allegations of the complaint showing that a land contract sought to be canceled was of record, that the purchaser was in possession of the premises and that by its terms the latter was shown to have an equitable interest in them, *held* sufficient to show that the instrument was of such a character as to constitute it a menace to plaintiff's title if left outstanding.

Same—Default of Purchaser—Tender of Deed by Vendor not Necessary.

9.   In an action for the cancellation of a land contract because of failure of the purchaser to make deferred payments, a tender of a deed by plaintiff vendor is not required to entitle him to maintain the action.

*Appeal from District Court, Dawson County; Frank P. Leiper, Judge.*

ACTION by the Hammond-Dodson Company and another against Elizabeth L. Slattery, *née* Elizabeth L. Cole.   Judgment for plaintiffs and defendant appeals.   Affirmed.

Cause submitted on briefs of Counsel.

*Messrs. Collins & Wood,* for Appellant.

*Mr. Sydney Sanner* and *Messrs. Hildebrand & Warren,* for Respondents.

MR. COMMISSIONER BENNETT prepared the opinion for the court.

Plaintiffs herein, Hammond-Dodson Company, a corporation, and J. C. Felthous & Co., a corporation, brought this action against defendant Elizabeth L. Slattery and another, seeking cancellation of a contract of sale involving certain lands situate in Dawson county, Montana. The codefendant did not appear, and no question is presented as to him. The appeal will therefore be treated as though the action had originally involved the defendant and appellant alone.

The case was submitted to the trial court on an agreed statement of facts. From this statement it appears that the contract in question provided that time was of the essence of the agreement, and the defendant should make payment of the amount, in installments. A large portion of the purchase price had not been paid. Defendant had been in default as to all the unpaid balance for a considerable period of time when the action was commenced. Among the terms of the contract of sale was the following: "Should default be made in the payment of any or either of the said several sums of money, or any part thereof, or in the payment of interest thereon, or in the performance of any or either of the obligations hereby imposed upon the vendee, the vendors may, at their option, declare the entire balance remaining unpaid hereunder immediately due and payable, and may forthwith proceed to the collection thereof as provided by law, or the vendors, at their option, may cancel this contract, as provided by law, or by written notice served upon the vendee by registered mail addressed to her at the postoffice address given below, said notice to specify the nature of the default and the amount then due on this contract, and to state that the termination and cancellation of this contract shall be complete within 30 days after the service thereof as aforesaid upon said vendee; and, upon the cancellation of this contract as herein provided, the vendee hereby covenants and agrees upon demand of the vendors quietly and peaceably to sur-

render to the vendors the said premises and every part thereof.''

About two months prior to the commencement of the action plaintiffs caused a written notice to be mailed to defendant, which notice, after reciting the existence of the contract and a considerable portion of the above-quoted provision, was as follows:

''You have failed to comply with the terms, covenants, and agreements of this agreement, and by failing to meet the payments therein agreed to be made, on this date, there is due and owing an unpaid principal in the sum of eighteen thousand eight hundred and eighty-eight and 55/100 dollars ($18,888.55), and interest thereon up to this date, to-wit April 10, 1921, amounting to the sum of three thousand three hundred sixty-six and 56/100 dollars ($3,366.56), making a total due on this date of twenty-two thousand two hundred fifty-five and 11/100 dollars ($22,255.11).

''Pursuant to the terms of said agreement the holders of said agreement hereby declare and declare to be immediately due, owing and payable all sums for the purchase price, mentioned as the purchase price. * * *

''And you are hereby notified, and this is to notify you, that the undersigned attorneys now have the said agreement for the holders thereof, with instructions to cancel the same unless within 30 days from the date of this notice the said attorneys receive from you all of the above sums, together with any interest which may accrue thereon to the date of payment.

''And you are hereby notified and this is to notify you that unless you send to the undersigned attorneys such sums, that an action will be instituted to cancel said agreement and to declare forfeited as liquidated damages all of the payments heretofore made by you under the terms of said agreement.''

Defendant made no effort to comply with the requirements of the notice. The contract was filed in the office of the county clerk of Dawson county, and defendant had been for

almost nine years, and was at the time of the commencement of the action, in the possession of the premises.

On the statement the trial court made conclusions of law, holding that the contract was valid and subsisting at the time of the commencement of the action; that the instrument was such a one that if left outstanding it was likely to cause serious injury to plaintiffs; that defendant made default under the contract; that subsequent to default and prior to the commencement of the action defendant was given due and timely notice of the amount then due, and was duly advised that, if payment was not made, an action would be commenced looking to the cancellation of the contract; that the time allowed for the making of payment was reasonable; and that defendant had failed to pay the sum due or any part thereof. It was further held that plaintiffs were entitled to a decree canceling and annulling the contract, and adjudging that defendant had no right, title or interest in or to the lands in question. A decree was subsequently entered in conformity with the conclusions of law. From this decree defendant appealed.

In support of the appeal it is argued: (1) "That cancellation will not be decreed of 'a valid, subsisting contract' but only of one that has ceased to have validity"; (2) that, the contract having provided the remedy, that remedy was exclusive, and was not followed; (3) that in any event the plaintiffs had by their notice elected to stand upon the remedy of recovering the amount due and were thus precluded from maintaining this action; (4) that there is no allegation in the complaint, and that the facts do not disclose that the instrument was a cloud on the title; (5) that the action was not maintainable without pleading and proof of the fact of a tender of a deed.

It is the established rule in this state that, where a contract [1] for the sale of lands provides that upon a breach by the vendee the vendor may cancel the contract, the vendor may, upon a breach by the vendee, if the instrument be a menace to

his title, maintain an action to have the contract canceled and the menace removed.    (See *Suburban Homes Co.* v. *North,* 50 Mont. 108, Ann. Cas. 1917C, 81, 145 Pac. 2; *Fratt* v. *Daniels-Jones Co.,* 47 Mont. 487, 133 Pac. 700.)    Without [2, 3] disputing the correctness of this rule, defendant says that cancellation will not be decreed of a valid and subsisting contract, and that the conclusion of the trial court that the contract in question herein was valid and subsisting precluded the making of the decree of cancellation.    We are inclined to believe that, where the facts disclose that a vendee has subsisting rights under a contract, a cancellation will not be decreed.    It is entirely possible, and it frequently happens, however, that one party to a contract may have rights by virtue of its terms while the rights of the other party thereunder may have been extinguished.    Under the contract and facts under consideration this was exactly the situation at the time this action was instituted.    By reason of the default in payments and the consequent breach of the contract the defendant no longer had any rights thereunder, but by the terms of the contract the plaintiffs under those conditions were given the right to proceed either to cancel the contract themselves or to maintain an action to secure a decree of cancellation.    In this sense the trial court was correct in holding that at the time the action was commenced the contract was valid and subsisting, and that the action was properly before it.

But, in any event, since we have an agreed statement of [4] facts, the only inquiry we can make is whether the correct result was reached.    (*Read* v. *Lewis & Clark County,* 55 Mont. 412, 178 Pac. 177.)    It was provided by the contract that the vendors might, upon default by the vendee, cancel the contract "as provided by law."    Having waited until after all the payments had become due, the plaintiffs gave notice that, unless payment of the entire balance was made within a time specified, they would proceed to have the contract canceled "as provided by law."    This notice was evidently

given to put the defendant upon her guard.  Had defendant made any attempt to protect herself a different situation might have resulted; but she sat by and suffered the action to be commenced.  Even now she does nothing more than insist that this action may not be maintained because the plaintiffs have omitted some steps which she claims must be taken before the relief may be granted.

One of appellant's arguments is that the plaintiffs attempted [5] to elect to cancel the contract by notice, and that the notice as given was not sufficient under the contract.  In our opinion where all other facts are present entitling a party to a decree canceling a contract, no notice other than the commencement of the action is required.  In this respect we see no distinction between an action for cancellation and one for rescission.  That such is the rule in an action for rescission is the holding of *Bozdech* v. *Montana Ranches Co., ante,* p. 366, 216 Pac. 319.  It might be possible to provide by contract that some notice be given that the persons entitled to so act elected to treat the contract as of no more force or effect, as distinguished from a notice that upon the happening of another event an action would be commenced to terminate the contract before the filing of an action to have the menace to the title removed, but such was not required by the contract we are considering.  Except for the purpose of notifying the defendant that regardless of past leniency they expected to hold her to the terms of the contract, we do not believe that plaintiffs were required to give any notice whatsoever prior to the filing of the complaint.

As to the second contention we are of the opinion that [6] the remedy asked for by the institution of the action was one of those provided by the contract, *viz.,* that of canceling the contract "as provided by law."

As to the third proposition of defendant, we do not construe [7] the notice as an election to hold the plaintiffs for the unpaid balance.  It is merely a signification of plaintiffs' willingness to accept the payment of the total amount due if it be paid

within the time therein specified, and it was, as has been stated, a warning that the provisions of the contract as to cancellation would be enforced.

As to the assertion that neither the pleadings nor facts [8] show that the instrument is of such a character as to constitute a menace to the plaintiffs' title if left outstanding, we do not agree with counsel. It is true that under certain circumstances it must be alleged and the proof must disclose that such is the fact before an instrument can be canceled by a decree of court. This is the obvious purport of sections 8733 and 8734, Revised Codes of 1921, and is the holding of *Hicks* v. *Rupp,* 49 Mont. 40, 140 Pac. 97. If that rule be applicable to the action, nevertheless we are of the opinion that the allegations of the complaint which are borne out by the facts agreed upon are amply sufficient to satisfy its requirements. There is of record an instrument valid on its face, and the vendee is shown to have been in possession of the premises affected thereby. By the terms of the instrument defendant has an apparent equitable interest in the premises. Clearly these facts menace the plaintiffs' title.

We cannot accept as sound the assertion that this action [9] must fail for the reason that no deed was tendered. In support of their argument on this point counsel cite *Boone* v. *Templeman,* 158 Cal. 290, 139 Am. St. Rep. 126, 110 Pac. 947. That case is not authority for the proposition as here asserted. The situation which the court was there discussing was the right of a vendor, who was the defendant therein, to maintain an action for the purchase price. The holding of the court that before such an action could be maintained a deed must be tendered was correct. In such a case as the one at bar, where the vendor in effect seeks a judicial determination that such a tender need never be made, that rule can have no application.

We are of the opinion that the pleadings and the facts bring this case within the rules announced by this court in *Suburban Homes Co.* v. *North, supra,* and *Fratt* v. *Daniels-*

*Jones Co., supra,* and that plaintiffs were entitled to the relief granted.

We recommend that the judgment be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion the judgment appealed from is affirmed.

*Affirmed.*