## In re SCHILLING.
### No. 3413.

District Court, D. Montana.
Oct. 18, 1938.

Speer & Hoffman, of Great Falls, Mont., for debtor.

G. G. Harris, of Great Falls, Mont., for creditor Frances Gergen.

PRAY, District Judge.

The issue at this time in the above entitled cause is on the motion of Frances Gergen to vacate the writ restraining her from proceeding with the action for possession of the real property here in question, commenced in the State District Court for Teton County, Montana, and to strike from the petition and schedules of debtor, filed in said cause June 2nd, 1938, under section 75, Bankr.Act, 11 U.S.C.A. § 203, the real property described therein, and to dismiss debtor's petition; which motion is resisted by debtor.

Briefly the facts are, that on November 1st, 1930 the movant, as vendor and the debtor, as purchaser, made a contract wherein vendor agreed to sell debtor the real property in question for $3,500 with interest at 6%, the payments to be made by one half of the crops produced on the land each year, and final payment to be made by November 1st, 1938. Debtor has been in possession of the land ever since the making of the contract. Demand was made for possession of the premises because of debtor's default under the terms of the contract. The defaults claimed by vendor are non-payment of taxes for the years 1931, 1933, 1934, 1935, 1936 and 1937, also that debtor "did not deliver to Frances Gergen any share or portion of the crop produced upon said land in the year 1937 but, on the contrary, failed and refused to do so, after repeated requests, and that to the best of affiant's knowledge and belief Schilling wrongfully sold and delivered the crop, pocketed and spent the money realized from the sale."

A hearing was held on the motion, and evidence submitted. It appears that a notice of default and demand for possession was served upon debtor and his wife on April 19th, 1938, for failure to pay taxes for the years aforesaid and for failure to deliver the grain for the year 1937, which concluded, in part: "upon your failure to make good the defaults herein before mentioned within five days from the date of the service of this notice and demand upon you, the said Frances Gergen will institute an action against you for the recovery of the possession of the said described real estate."

The rule seems to be that when time is of the essence of the contract and when the indulgence of the vendor, as in this case, has been extended until long after the installments are due, non-payment alone will not justify a forfeiture. Suburban Homes Co. v. North, 50 Mont. 108, 145 P. 2, Ann.Cas.1917C, 81; Newell v. E. B. & A. L. Stone Co., 181 Cal. 385, 184 P. 659, 9 A.L.R. 993. In the latter case the Court held substantially that where the terms of a contract, similar to the one in this case, provides that time is of the essence of the contract, and a course of conduct in dealing with the vendor is established wholly inconsistent therewith, the vendor cannot thereafter declare a forfeiture for failure to make payments promptly, unless he has given notice to the vendee of his intention to require prompt payment in the future. If debtor has satisfactorily established a waiver in respect to time of payment by allowing the taxes to go delinquent for so many years without objection from vendor, and has shown

that vendor's half of the grain was there ready for sale or delivery to vendor according to contract, then the Tracy case relied upon by him would not control in the instant case. In re Tracy, 7 Cir., 80 F.2d 9. So far as debtor is concerned these are the only serious questions raised. There is nothing to show that debtor has failed to deliver one half the grain in each year the contract was in force commencing with the year 1931 up to 1937 except that there was a crop failure the first year which was met with forbearance on the part of vendor. The only dispute is in reference to the crop for the year 1937, and debtor claims in his testimony that he made good, as far as circumstances would permit with a poor grain crop for that year. The evidence shows that debtor has farmed the place in a good husband like manner; built a house and other buildings; fenced the place and made many improvements thereon, all of the reasonable value of about $2,500. Debtor testified that the six-room house he built on the premises is of the value of $1,500, while the vendor places it at only $400. Taking into account the value added to the premises through the efforts of debtor in placing the improvements thereon as testified by him and by another witness, T. M. Healy of Fairfield, the fact that he has farmed the place in an acceptable manner, and delivered the crops as agreed, and that it was understood by both parties that the taxes might go delinquent for a time and that the vendor urged debtor to continue on the place notwithstanding his defaults in such payments, the Court is inclined to believe in view of the circumstances that as to the precise time of payment the vendor was considerate of debtor, very likely because of work done and improvements made on the place, and that he should now be held to have waived time as being of the essence of the contract. Under other conditions the argument of vendor, in line with the cases cited, might have prevailed. But this apparent advantage in favor of debtor must not be misunderstood, for unless he can show that the procedure outlined in the statute is being followed precisely and in good faith, which would include the payment of taxes as therein required, there is nothing to prevent the vendor and creditor from bringing debtor to account at any time on petition to terminate the proceeding.

Under all the evidence here including the circumstances, a strong factor in the proof, it appears that the restraining order should be continued until the further order of the Court, and such is the order. Within 30 days from receipt of notice of this order debtor, through the Conciliation Commissioner, will report to the Court what he has done in compliance with the provisions of the statute.