FRATT et al., Respondents, *v.* DANIELS-JONES CO. et al., Appellants.

(No. 3,264.)

(Submitted May 23, 1913.  Decided June 14, 1913.)

[133 Pac. 700.]

*Contracts of Sale—Cancellation—Rescission—Time of Essence of Contract—Breach by Vendee—Part Payment—Forfeiture —Notice—Laches.*

Contracts of Sale—Breach by Vendee—Cancellation—Rescission.

    1. An action seeking the enforcement of the provision of a contract of sale of real and personal property that failure on the part of the buyer to meet any deferred payment of the purchase price on the date mentioned therein should work an immediate forfeiture of the contract was not one to rescind, and therefore the rules prescribed by section 5065, Revised Codes, touching rescission, were inapplicable.

Same—Advance Payments—Forfeiture—Equity.

    2. In the absence of such a showing by a defaulting purchaser as will appeal to the conscience of a court of equity, he is not entitled to a return of any payment he may have made on the purchase price.

Same—Time of Essence of—Validity.

    3. Neither the provision making time of the essence of a contract of sale, nor the contract containing such a provision, is invalid as against positive law or public policy.

Same—Courts will Enforce Contracts as Made.

    4. Courts will not undertake to make contracts for parties, different from those which the parties themselves intended, but will enforce a provision making time of the essence of a contract, unless the party for whose benefit it was inserted has waived it or is estopped to insist upon its enforcement, or performance has been prevented by intervening circumstances sufficient to relieve the party from the performance of any other provision of the contract.

Same—Deferred Payments—Notice of Due Date—Laches.

　　5.　Under a contract of sale by the terms of which failure to pay an installment of the purchase price ends the contract, time being expressly declared of the essence of it, notice that an installment has fallen due is not required, and therefore a claim that plaintiff was guilty of laches because of delay in giving it had no merit.

Same.

　　6.　Where a contract of sale provides that the vendor shall have the right to declare it at an end, upon failure by the vendee to make payment on a date fixed, time being expressly made of the essence of the contract, breach by the vendee does not *ipso facto* terminate the agreement, but an election is necessary on the part of the vendor requiring some sort of notice on his part to make the provision effective.

Same—Return of Part Payment—Insufficient Showing.

　　7.　Under the rule declared in paragraph 2 above, *held,* that the showing made by defendant corporation to the effect that its officers were so engrossed with other business that they forgot that a payment was due on a contract of sale, was insufficient to entitle it to relief (Rev. Codes, sec. 6039) from the forfeiture of an advance payment.

*Appeal from District Court, Yellowstone County; George W. Pierson, Judge.*

ACTION by David Fratt and wife against the Daniel-Jones Company and another. From a judgment on the pleadings, defendant company appeals. Affirmed.

*Mr. Wm. V. Beers,* and *Mr. Jesse Van Valkenburg,* submitted a brief in behalf of Appellant; *Mr. Beers* argued the cause orally.

The complaint does not state facts sufficient to constitute a cause of action. There is no allegation to the effect that respondents repaid or offered to repay to appellant the money paid by the latter to the former at the time the contract was executed, and, in other respects, that they placed appellant *in statu quo.* The repayment or offer to repay must appear affirmatively in the complaint. Respondents were not injured or damaged by reason of the nonpayment of the money upon the exact day provided for in the contract, and no injury or damage is alleged by them. In view of the fact that the object of this action is to rescind the contract, it comes within subdivision 2 of section 5065, Revised Codes. "He must restore to the other party everything of value which he has received from him under the contract, or must offer to restore the same,

upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so." (*Cotter* v. *Butte & Ruby Valley Smelting Co.*, 31 Mont. 129, 77 Pac. 509.) "Rescission is the annulling or abrogation of a contract, and may take place either by mutual consent or at the instance of one of the parties in consequence of some default or direction of the other." (2 Warvelle on Vendors, sec. 825.) When a vendee has so failed to perform the contract that the vendor may elect to treat the contract as rescinded, it is incumbent on the vendor to restore to the vendee whatever he has paid on the contract. (*Bohall* v. *Diller*, 41 Cal. 533; *Lytle* v. *Scottish-American Mortgage Co.*, 122 Ga. 458, 50 S. E. 402; *Drew* v. *Pedlar*, 87 Cal. 443, 22 Am. St. Rep. 257, 25 Pac. 749; *German Savings Inv.* v. *De La Vergne R. M. Co.*, 70 Fed. 146, 17 C. C. A. 34; *Phelps* v. *Brown*, 95 Cal. 572, 30 Pac. 774; *Robinson* v. *Cheney*, 17 Neb. 673, 24 N. W. 378; *Roberts* v. *Cheney*, 17 Neb. 681, 24 N. W. 382; *Frink* v. *Thomas*, 20 Or. 265, 12 L. R. A. 239, 25 Pac. 717; *Vance* v. *Newman*, 72 Ark. 359, 80 S. W. 574; *Miller* v. *Steen*, 30 Cal. 402, 89 Am. Dec. 124.)

Respondents seek to enforce an alleged forfeiture which is against the law and against public policy. "It is a universal rule in equity never to enforce either a penalty or forfeiture. On the contrary, equity frequently interposes to prevent the enforcement of a forfeiture at law." (*Kellar* v. *Lewis*, 53 Cal. 118; *McCormick* v. *Rossi*, 70 Cal. 474, 15 Pac. 35, 15 Morr. Min. Rep. 433.) "A court will not enforce against a vendee a technical forfeiture of an executed contract for the sale of land, if the defendant offers to do equity in consideration of being restored to his contractual rights." (*Yeiser* v. *Portsmouth Savings Bank*, 75 Neb. 690, 106 N. W. 784; *Cue* v. *Johnson*, 73 Kan. 558, 85 Pac. 598.) We submit that the proper decree to be rendered in an action of this character is that the vendee should be required to pay the amount of money due under the contract within a reasonable time to be prescribed by the court or be foreclosed of his equity. (*Button* v. *Schroyer*, 5 Wis. 598; *Southern Pacific R. Co.* v. *Allen*, 112 Cal. 455, 44 Pac. 796; *Odd Fellows' Sav. Bank* v. *Brander*, 124 Cal. 255, 56 Pac.

1109.) In considering a contract for sale of land wherein a forfeiture was being considered, the court said: ''The court will usually give him a day, if he desires it, to raise the money, longer or shorter, depending on the particular circumstances of the case, and to perform his part of the agreement.'' (*Hansbrough* v. *Peck*, 5 Wall. (U. S.) 506, 18 L. Ed. 520; *Stratton* v. *California Land & Timber Co.*, 86 Cal. 353, 24 Pac. 1065; see, also, *Flanagan's Estate* v. *Great Cent. Land Co.*, 45 Or. 335, 77 Pac. 485; *Security Savings & Trust Co.* v. *McKenzie*, 33 Or. 209, 52 Pac. 1046; *Baker* v. *Beach*, 15 Wis. 99.)

The contract in question, in so far as it applies to liquidated damages, is void under section 5054, Revised Codes. In considering a contract for the sale of land wherein it was provided that in case of default all moneys paid should be retained by the vendor as liquidated damages, the court held that, ''the provision in the contract for liquidated damages was void.'' (*Easton* v. *Cressey*, 100 Cal. 75, 34 Pac. 622; *Drew* v. *Pedlar*, *supra*; *Lytle* v. *Scottish-American Mortgage Co.*, *supra*; 14 Cyc. 101.)

Appellant is entitled to relief under section 6039, Revised Codes, as against a forfeiture. (*Barnes* v. *Clement*, 12 S. D. 270, 81 N. W. 301; *Bennett* v. *Glaspell*, 15 N. D. 239, 107 N. W. 45; *Spaulding* v. *Hallenbeck*, 39 Barb. 79.)

By the terms of the contract time was made of the essence of the contract. Time was not so far of the essence of the contract as to prevent its enforcement in equity within a reasonable time after the lapse of the time specified. The fact that parties have made time of the essence of their contract does not necessarily preclude the courts from granting relief against such a provision, where it is in the nature of a penalty, or the circumstances render it inequitable to enforce the forfeiture. (*Richmond* v. *Robinson*, 12 Mich. 201; *Cheney* v. *Libby*, 134 U. S. 84, 33 L. Ed. 818, 10 Sup. Ct. Rep. 98; *Robinson* v. *Cheney*, *Roberts* v. *Cheney*, *supra*; *Dana* v. *St. Paul Inv. Co.*, 42 Minn. 194, 44 N. W. 55; *Cue* v. *Johnson*, *supra*; *King* v. *Seebeck*, 20 Idaho, No. 223, 118 Pac. 292.)

It was incumbent upon the respondents to give appellant notice that the installment due March 26, 1910, would be due on that date and that respondents intended to insist upon a strict performance of the contract. (2 Warvelle on Vendors, 956.) "The necessity of notice upon the rescission of a contract exists only when the party rescinding has received some benefit or advantage from the contract which he must surrender before he can claim to rescind." (Willard's Equity Jurisprudence, Potter's ed., 303.) "When a contract for the sale of land is sufficient to give the vendee the right of possession, his mere failure to make the stipulated payments will not entitle the vendor to immediate possession, without notice of forfeiture or a demand." (*Corning* v. *Loomis,* 111 Mich. 23, 69 N. W. 85; *Michigan etc. Iron Co.* v. *Thoney,* 89 Mich. 226, 50 N. W. 845; *Whittier* v. *Stege,* 61 Cal. 238; *Willis* v. *Wozencraft,* 22 Cal. 613.)

Respondents were guilty of laches in declaring the alleged forfeiture. It was incumbent upon the respondent to at once claim the forfeiture upon the nonpayment of the installment due March 26, 1910. (*Pier* v. *Lee,* 14 S. D. 600, 86 N. W. 642; *Gaughen* v. *Kerr,* 99 Iowa, 214, 68 N. W. 694; *Merriam* v. *Goodlet,* 36 Neb. 384, 54 N. W. 686; *Buchholz* v. *Leadbetter,* 11 N. D. 473, 92 N. W. 830.)

*Mr. Wm. M. Johnston,* and *Mr. H. J. Coleman,* for Respondents, submitted a brief; *Mr. Johnston* argued the cause orally.

Our contention, then, is that this is an action to clear plaintiffs' title of a cloud in the shape of an uncompleted and forfeited contract to convey the same. It is not an action of rescission, nor is rescission sought. Plaintiffs are proceeding under the terms of the contract itself. Therefore, it was not incumbent upon plaintiffs to return, or offer to return, that part of the consideration paid, before bringing this action. All the cases cited by appellant under this first specification are those where there is a rescission sought or considered. Assuming for the moment that this is an action of rescission, there are many authorities whose holdings are contrary to the cases cited by appellant. These

cases hold: "It is not necessary that the vendors should return that part of the purchase price which had been paid in order to exercise their option to rescind." (*Grant* v. *Munch,* 54 Minn. 111, 55 N. W. 902; *McManus* v. *Blackmarr,* 47 Minn. 331, 50 N. W. 230; *Ketchum* v. *Evertson,* 13 Johns. (N. Y.) 359, 7 Am. Dec. 384; *Reddish* v. *Smith,* 10 Wash. 178, 45 Am. St. Rep. 781, 38 Pac. 1003; *Glock* v. *Howard etc. Co.,* 123 Cal. 1, 69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713; 29 Am. & Eng. Ency. of Law, 683.) "A vendor who has not parted with the title may recover possession from a defaulting purchaser without first tendering the money or notes already paid or given by the purchaser." (39 Cyc. 1894.) "An answer in ejectment alleging that defendant had contracted with plaintiff for the purchase of the premises and that he had made a partial payment and been let into possession and that plaintiff still retains the amount paid, but not alleging payment in full, or that the remaining purchase money was not yet due, does not show a defense. * * * To allow a defendant in an ordinary action of ejectment to set up matters which did not constitute a defense but are intended merely as a foundation for a money judgment against plaintiff, would be to sanction something unknown to the principles of pleading and practice." '(*Hoffman* v. *Remnant,* 72 Cal. 1, 12 Pac. 804; *Whittier* v. *Stege,* 61 Cal. 241; *Woodard* v. *Hennegan,* 128 Cal. 293, 60 Pac. 768; *Crain* v. *National Life Ins. Co.,* 56 Tex. Civ. App. 406, 120 S. W. 1098.)

Time was of the essence of the contract. Under the decisions cited below, in a contract where time is specifically stipulated to be of the essence of the contract, where the vendee fails to make payment, or keep any covenant at the time set for so doing, the rights of vendee therein end, and the vendor cannot be forced to perform. Therefore, the action for cancellation is simply a right belonging to the vendor to have a null and void contract disposed of so that it will no longer cloud the title to his property. (*Peterson* v. *Davis,* 63 Kan. 672, 66 Pac. 625; *Chapman etc. Co.* v. *Wilson,* 91 Ark. 30, 120 S. W. 391; *Spedden* v. *Sykes,* 51 Wash. 267, 98 Pac. 752; *Arkansas etc. Ry.* v.

*Farmers' etc. Bank,* 21 Okl. 322, 129 Am. St. Rep. 782, 96 Pac. 764; *Utley* v. *Wilcox Lbr. Co.,* 59 Mich. 263, 26 N. W. 488; *McGrath* v. *Gegner,* 77 Md. 331, 26 Atl. 502; *Falls* v. *Carpenter,* 1 Dev. & B. Eq. (N. C.) 237, 28 Am. Dec. 592; *Grey* v. *Tubbs,* 43 Cal. 359; *Martin* v. *Morgan,* 87 Cal. 203, 22 Am. St. Rep. 240, 25 Pac. 350; *Glock* v. *Howard etc. Co.,* 123 Cal. 1, 69 Am. St. Rep. 17, 43 L. R. A. 199, 55 Pac. 713; *Williams* v. *Long,* 139 Cal. 186, 72 Pac. 911.)

In regard to appellant's position with reference to stipulated damages, we wish, first, to call the attention of the court to the fact that this is not an action brought to enforce the forfeiture of the money paid on the contract. The court is not called upon to make any decision in regard to this money.

Further, we wish to call the court's attention to the cases of *Glock* v. *Howard etc. Co., supra,* and *Hansbrough* v. *Peck,* 5 Wall. (U. S.) 497, 18 L. Ed. 520. Both these cases hold that the provision of a contract providing that payments made shall be treated as liquidated damages in case of default by the purchaser, have no effect whatever, as the position of the parties, upon the default by the purchaser, would be the same whether that clause were inserted or left out.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On March 26, 1909, David Fratt and wife entered into a contract in writing with the Daniels-Jones Company, a corporation, by which they sold and agreed to convey to the company Sec. 7, Tp. 4 N. R. 25 E., for $6,370, payable $637 in cash and the balance in ten equal annual installments, with interest at the rate of six per cent per annum, payable annually. The vendee was to have possession on May 15, 1909, and was to pay all taxes upon the land after the year 1909. The contract contains this provision: "It is hereby expressly understood and agreed that time is of the essence of this contract and if the party of the second part fails to pay any deferred installment, with interest thereon, or any portion thereof, when the same becomes due and payable, such failure shall work an immediate forfeiture

of this contract, without any notice whatever, and the money paid on this contract shall be retained by the parties of the first part as liquidated damages.'' In 1911 this suit was instituted. The complaint states two causes of action. The first contains the usual allegations in an ordinary suit to quiet title; and the second sets forth the facts concerning the execution of the contract, copies the agreement at length, alleges that the defendant Daniels-Jones Company entered into some kind of an agreement to sell the property to the defendant Luke, that the defendant Daniels-Jones Company failed to pay the installment of the purchase price and interest due March 26, 1910, and failed to pay the taxes for that year; that plaintiffs notified the company soon after March 26, 1910, and took possession of the property. There are certain allegations of the complaint and certain portions of the prayer which relate to the defendant Luke alone, and further reference to which is omitted. The prayer is that the defendants be required to set forth the nature of their claim for adjudication; that plaintiffs' title be quieted; that the contract of March 26, 1909, be canceled, and that the defendants be enjoined from asserting any interest or claim to the property by reason of such contract. The answer of defendant Daniels-Jones Company contains some general admissions and denials, and then sets forth affirmatively, and at length, the facts concerning the execution of the contract of March 26, 1909; alleges that the company took possession of the land in controversy on May 15, 1909, and thereafter continued in such possession; that it paid plaintiff $637 upon the execution of the contract; that it did not pay the installment due March 26, 1910, because the company's officers were engrossed with other business, and overlooked the fact that a payment was then due; that while it did not pay the taxes for the year 1910, it intended to pay them before they became delinquent if the plaintiffs had not paid them; that on July 22, 1910, it received from the plaintiffs notice, signed by the plaintiff David Fratt, which after referring to the contract of March 26, 1909, continued: ''You have forfeited your part of the contract by failing to pay the deferred payment that came due March 26th, 1910'';

that immediately thereafter it tendered to the plaintiffs the amount due with interest but the tender was refused; that again in March, 1911, it made another tender of the amount then due and this was also refused; that plaintiffs have never repaid the $637 paid on the purchase price at the time the contract was executed, or any part thereof; that the land has increased in value, and that the company is now ready, able and willing to pay the amount which may be found due by the court. The reply does not raise any material issues. Plaintiffs moved the court for judgment on these pleadings, and this motion was granted and a decree rendered and entered according to the prayer of the complaint. It is from that judgment that the defendant Daniels-Jones Company appealed.

1. Counsel for appellant contend that the complaint does not state facts sufficient to constitute a cause of action for the re-

[1]   scission of a contract, and cite section 5065, Revised Codes, and authorities applying the rules there announced, but they misapprehend the character of this suit. Plaintiffs are not seek-ing to rescind the contract; they are relying upon it and upon the provision for its own termination automatically upon the failure of appellant to meet the requirements imposed, and are now asking the court to decree that the contingency has arisen which by the terms of the contract render it of no further force or effect. They ask, further, that the contract, as a menace to their title, be canceled. The purpose of such an action is so far distinct from that of one to rescind a contract that the rules governing rescission do not have any application here. The question is not a new one in this state. It has been considered a number of times. (*Clark* v. *American D. & M. Co.*, 28 Mont. 468, 72 Pac. 978; *Merk* v. *Bowery Min. Co.*, 31 Mont. 298, 78 Pac. 519; *Arnold* v. *Fraser*, 43 Mont. 540, 117 Pac. 1064; *Cook-Reynolds Co.* v. *Chipman*, ante, p. 289, 133 Pac. 694.)

2. Counsel for appellant contend also: "That this action seeks to enforce a forfeiture which is against the law and against public policy: 1. As to liquidated damages. 2. As to time of essence of contract. 3. As to necessity of giving notice." But again they are mistaken as to the character or purpose of this

action.   Plaintiffs are not asking the court to declare the payment of $637 forfeited to them, and the judgment entered does not make any disposition of that sum or mention it at all.   The language of the contract quoted above, in which the word "forfeiture" appears, does not mean anything more than that upon the failure of this appellant to keep and perform the terms of the contract by it to be kept and performed, and within the time limited, the contract thereupon terminates.

(a) It is said that in so far as the contract provides for liquidated damages it is void and of no effect under section 5054, Revised Codes.   This may be conceded, but still it does not avail the appellant, for, as said before, there is not any contention by plaintiffs that the amount paid to them shall be forfeited, and neither is there any adjudication upon the subject.   But in [2] any event, in the absence of a showing on the part of the defaulting purchaser such as would appeal to the conscience of a court of equity, he is not entitled to a return of the part payment of the purchase price even though he asked for it, and that was not done in this instance.   (*Perkins* v. *Allnut*, 47 Mont. 13, 130 Pac. 1; *Clifton* v. *Willson, ante,* p. 305, 132 Pac. 424; *Cook-Reynolds Co.* v. *Chipman,* above.)

(b) That neither the provision "time is of the essence of [3] this contract" in a contract, nor the contract containing such a provision, is invalid as against positive law or public policy is too well settled to merit serious consideration.   At common law such a provision was read into every contract, but in equity the rule was that it must appear affirmatively that the parties regarded time as of the essence of their agreement or courts of equity would not so regard it.   (2 Page on Contracts, secs. 1160, 1161.)   To set the question at rest and to avoid giving expression to an intention which the parties may not have entertained, our Code (section 5047, Rev. Codes) declares: "Time is never considered as of the essence of a contract, unless by its terms expressly so provided."   This is a distinct recognition of the right of parties to a contract to include such a provision, and when it is included, as in the present instance, it is the duty of courts to carry out the intention of the parties .

by giving effect to that provision; for to ignore or circumvent it when deliberately written into a contract by the parties, or by any sort of construction to nullify its effects is to make a new contract for the parties, different from the one which they themselves constructed—something even a court of equity is not authorized to do.   This is the rule declared by the supreme court of the United States in *Cheney* v. *Libby,* 134 U. S. 68, 33 L. Ed. 818, 10 Sup. Ct. Rep. 498, which was a suit in equity to compel specific performance of a contract to convey land.   The court said: ''The parties in this case, in words too distinct to leave room for construction, not only specify the time when each condition is to be performed, but declare that 'time and punctuality are material and essential ingredients' in the contract; and that it must be 'strictly and literally' executed.   However harsh or exacting its terms may be, as to the appellee, they do not contravene public policy; and, therefore, a refusal of the court to give effect to them, according to the real intention of the parties, is to make a contract for them which they have not chosen to make for themselves.''·

In 1 Pomeroy's Equity Jurisprudence, third edition, section 455, the same rule is stated as follows: ''It is well settled that where the parties have so stipulated as to make the time of payment of the essence of the contract, within the view of equity as well as of the law, a court of equity cannot relieve a vendee who has made default.   With respect to this rule there is no doubt.'' The phrase ''time is of the essence of this contract'' is employed for the benefit of the vendor (*Dana* v. *St. Paul Investment Co.,* 42 Minn. 194, 44 N. W. 55), and, being for his special benefit, he may waive the provision or by his conduct estop himself to insist upon its enforcement.   In *Cue* v. *Johnson,* 73 Kan. 558, 85 Pac. 598, it was held that the failure to insist upon the enforcement of the provision when appealed to for further time and by tacitly extending the time for performance as requested by the vendee, the vendor waived his right to insist upon the enforcement of the clause which made time of the essence of the agreement.   In *Robinson* v. *Cheney,* 17 Neb. 673, 24 N. W. 378, there was involved a contract for the sale of real estate upon

installments. Notes were executed for the deferred payments and these were made payable at a particular bank. When the notes maturing August 27, 1883, became due, the vendor failed to have them at the bank, and the court held that by this failure on his part, the vendor waived his right to insist upon payment on that particular day as provided in the contract. In *Cheney* v. *Libby,* above, a court of equity intervened to save the purchaser who had not complied literally with the terms imposed upon him by his contract, but only upon the ground that by his course of conduct the vendor had misled him into the belief that a strict or literal compliance would not be insisted upon, with the result that it would have been unconscionable to have permitted the vendor to profit at the vendee's expense. Probably the supreme court of Pennsylvania went further than it is necessary for us to go in this instance, when, in *Miller* v. *Phillips,* 31 Pa. 218, it is said: "Where the parties choose by clear and explicit terms to make time of the essence of the contract, performance to be entitled to compensation must be within it, and nothing but the act of God, rendering compliance physically impossible, will excuse a failure." These cases are cited to [4] show that courts will not undertake to make contracts for parties, different from those which the parties themselves intended, but that they will enforce a provision making time of the essence of a contract, unless the party for whose benefit it was inserted has waived the provision or is estopped to insist upon its enforcement, or performance has been prevented by some intervening circumstances sufficient to relieve the party from the performance of any other provision of the contract.

(c) Proceeding upon the assumption that this is a suit to rescind, counsel for appellant complain that plaintiffs failed to notify appellant that the payment of March 26 would be due upon that day, and that strict compliance with the terms of the contract would be insisted upon. There is not anything in the contract to impose any such duty upon the vendors, and, as we have already determined that this is not a suit to rescind, nothing further need be said upon this subject.

Counsel for appellant further contend that plaintiffs were
[5, 6] guilty of laches in failing to take action until July 22
after the default of March 26, and cases are cited which hold
that the failure of the vendor to act for two or three months
after a payment becomes due will be held to constitute a waiver.
But counsel fail to discriminate between a contract like the one
now under consideration, by the very terms of which the failure
to pay an installment when due *ipso facto* ends the contract, and
one which provides that upon the failure of the vendee to make
payment on time, the vendor shall have the right to declare the
agreement at an end, time being expressly made of the essence
of each contract. Recalling that this last provision is for the
benefit of the vendor, the difference in the two classes of con-
tracts becomes manifest at once. Under an agreement of the
first class the breach by the vendee terminates the contract unless
the vendor elects to waive the time provision and continue the
agreement in force. Under such a contract notice is not re-
quired unless the vendor elects to continue it in force. Under a
contract of the second class the breach by the vendee does not
*ipso facto* terminate the agreement. It merely creates the con-
dition under which the vendor may terminate it if he elects to
avail himself of the power conferred; but an election is necessary
on his part to the termination of the agreement, and notice of
some sort of such election is necessary to make it effective.
(*Gaughen* v. *Kerr,* 99 Iowa, 214, 68 N. W. 694; *Pier* v. *Lee,* 14
S. D. 600, 86 N. W. 642.) Since the contract under consider-
ation was terminated by the default of the Daniels-Jones Com-
pany, notice was not necessary, and fault cannot be found with
the plaintiffs for their delay in giving a notice which they were
not required to give.

Our attention is directed to section 6039, Revised Codes, which
[7] provides for relief from a forfeiture or loss in the nature
of a forfeiture. Whatever may be the correct interpretation of
the language of that section, this much is apparent: the very mini-
mum requirement is that the party invoking the protection af-
forded by that section must set forth facts which will appeal to
the conscience of a court of equity. "He may be relieved upon a

showing that he is equitably entitled to such relief, if his breach of duty was not grossly negligent, willful or fraudulent.'' (*Cook-Reynolds Co.* v. *Chipman,* above.) In the present instance the only excuse offered by the Daniels-Jones Company for its default is that its officers, being engrossed with other business, forgot that a payment was due March 26, 1910. Apparently they continued to forget for the ensuing four months. It appears affirmatively that the defendants had possession of the land for more than a year. There was but $637 paid on the purchase price. The value of the use of the premises does not appear; and even conceding that these are proper subjects of consideration in a case of this character—and upon that we do not express any opinion at all—yet, when all is said by appellant that can be said in its behalf, it failed to make any excuse or to disclose wherein the conscience will be shocked by permitting the plaintiffs to take advantage of the term in the contract which made time of its essence. If the facts disclosed here will excuse, then the provision so carefully inserted in this contract to compel performance at the precise time indicated becomes a dead letter. If these facts are sufficient to relieve a defaulting party, then any sort of excuse is sufficient. But, as we have indicated above, when parties deliberately make time of the essence of their agreement, the obligor must expect that the provision will be given full force and effect, unless the party for whose benefit it was inserted waives the provision or by a course of conduct estops himself to insist on its enforcement, or the obligor is prevented from performing by circumstances which would be sufficient to relieve him from the performance of the most important provision of the contract.

The answer interposed does not constitute any defense, and the judgment of the district court is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.