No. 13614

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

GERALD HANSEN and CONSOLIDATED
COMMERCE CORPORATION,

                Plaintiffs and Appellants,

        -vs-

TRANSAMERICA INSURANCE COMPANY,
A corporation, and COUNTY OF SILVER
BOW, et al.,

                Defendants and Respondents,

        -vs-

COUNTY OF SILVER BOW, et al.,

                Cross-Claimant and Respondent.

---

Appeal from:  District Court of the Second Judicial District,
              Honorable Arnold Olsen, Judge presiding.

Counsel of Record:

    For Appellants:

        Michael J. McKeon argued, Anaconda, Montana
        M. F. Hennessey, Butte, Montana

    For Respondents:

        John G. Winston, County Attorney, Butte, Montana
        Corette, Smith & Dean, Butte, Montana
        R. D. Corette Jr. argued and John Larson argued,
        Butte, Montana *John Mullaney argued, Butte, Mt*

---

                    Submitted:  September 27, 1977
                      Decided:  JAN 16 1978

Filed: JAN 1 1978

_____ Thomas J. Kearney _____
                            Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Plaintiffs Gerald Hansen and Consolidated Commerce Corporation appeal from an order of the Silver Bow County District Court granting summary judgment in favor of defendants Transamerica Insurance Company and Silver Bow County in an action on an insurance policy.

Plaintiffs brought this action seeking the full amount of an insurance policy following the destruction by fire of a building known as the Woodrow Hotel, located in Butte, Montana, and a declaration of the county's interest in the building at the time of its destruction. The county was the seller and plaintiff Hansen the buyer of this building under a contract of sale entered into by these parties. The county cross-claimed against Transamerica seeking the full amount of the insurance policy, alleging its interest in the building was superior to that of plaintiffs. On March 13, 1974, Transamerica deposited $2,862.35, a sum less than the full amount of the insurance policy, with the District Court.

On May 29, 1974, the District Court ordered the remains of the destroyed building demolished, reserving for a later hearing determination of the rights of the parties in the building and the building's value at the time of its destruction. Following a hearing, the District Court granted motions of the county and Transamerica for summary judgment on the issue of the building's ownership, ruling that plaintiffs had forfeited all rights to the building as of June 19, 1970, nearly five months before the building's loss, because of their failure to pay the first of four yearly installments on the contract which was due on that date.

Undisputed facts upon which summary judgment was granted are as follows:

On June 19, 1969, plaintiff Gerald Hansen entered into a contract with Silver Bow County to purchase property which had reverted to the county for back taxes. By the terms of the contract Hansen was to pay $8,500 for this property, which consisted of the Woodrow Hotel building. The contract called for a payment of $1,700 down and $1,700 in each of the next four years, with the payments due on the 19th of June of each year.

Important here is the third clause of this contract, which provides:

> "3. That time is of the essence of this contract, and in the event that the purchaser or his assigns shall fail to pay any installment, when due, or any annual interest on deferred payment when due, or any tax or assessment, when due, or shall fail to comply with any other terms or covenants in this contract, then and thenceforth the vendor shall be released from all obligation in law or equity to convey such property, and the purchaser, or his assigns, shall forfeit all right thereto. * * *"

Hansen made the down payment and assigned the contract to the Consolidated Commerce Corporation, which was owned by Hansen. The installment due on June 19, 1970, was not paid. The county sent no notice of default with respect to this missed installment and took no action to repossess the property. The building was destroyed as the result of two fires, on the 3rd and 9th of November, 1970. Four days after the building's destruction, nearly five months after plaintiffs' failure to pay the 1970 installment, the county repossessed the building.

Transamerica, which had transferred an existing insurance policy covering the building to Hansen on August 11, 1969, received proofs of loss from plaintiffs and the county following the building's destruction. Transamerica paid neither claim.

The underlying issue on appeal is whether Hansen still had an interest in the property at the time of the fire.

Summary judgment is proper if the record shows there is no genuine issue of material fact and the movant is entitled to judgment

as a matter of law. The burden initially is on the movant to show the absence of any genuine issue of material fact; if the record discloses no such issue, the burden shifts to the party opposing the motion, who must then establish a genuine factual issue. Rule 56(c), M.R.Civ.P.; Harland v. Anderson (1976), 169 Mont. 447, 548 P.2d 613, 33 St.Rep. 363.

In this case determination of the interest of the parties in the building at the time of its destruction did not raise an issue of material fact. The propriety of summary judgment, therefore, turns on whether the county is, as a matter of law, entitled to sole ownership of the building as of June 19, 1970, the date on which the unpaid installment became due.

The county contends the third clause of the contract, the "time is of the essence" provision, controls, and that since no notice of forfeiture was required by that provision, plaintiffs' failure to pay the installment due on June 19, 1970 automatically terminated their interest in the building as of that date.

Plaintiffs contend they had an insurable interest in the building at the time of the fire because the county had not yet acted to repossess the property. They argue that by failing to assert its ownership interest by repossession until five months after plaintiffs' default the county waived the "time is of the essence" provision and therefore, as a matter of law, was not entitled to invoke strict forfeiture under this provision.

All parties rely on Fratt v. Daniels-Jones Co. (1913), 47 Mont. 487, 133 P. 700, in support of their respective positions. In Fratt, the sellers of real property sought to enforce a contract clause which provided that failure of the buyer to make a payment when due "shall work an immediate forfeiture of this contract, without any notice whatever * * *." Four months after the due date of a missed installment the sellers sent the buyer notice of for-

feiture. The buyers then tendered the amount owed, which was refused. The sellers received a judgment on the pleadings in their subsequent quiet title action and upon appeal the buyers contended that the delay between default and taking action thereon constituted a waiver of the default. This Court did not agree. Distinguishing between two "classes" of contracts which include "time is of the essence" provisions, this Court stated:

> " * * * counsel failed to discriminate between a contract like the one now under consideration, by the very terms of which the failure to pay an installment when due ipso facto ends the contract, and one which provides that upon the failure of the vendee to make payment on time, the vendor shall have the right to declare the agreement at an end * * * Under an agreement of the first class the breach by the vendee terminates the contract unless the vendor elects to waive the time provision and continue the agreement in force. * * * Under a contract of the second class the breach by the vendee does not ipso facto terminate the agreement. It merely creates the condition under which the vendor may terminate it if he elects to avail himself of the power conferred * * *." 47 Mont. 499.

The "time is of the essence" provision at issue here is not qualified by a notice requirement of any kind, and the contract therefore can be described as being of the first "class" as set forth in Fratt. Absent a waiver of the operation of this provision, plaintiffs' default would have the effect of working a forfeiture of their interests in the building as of the date of the default.

We hold in this case there was such a waiver by the county. A period of nearly five months elapsed between the date on which the 1970 installment became due and the county's action in repossessing the building as a result of plaintiffs' nonpayment of that installment. During that period the county did nothing. It was not until four days after the building's destruction that the county commissioners notified the county treasurer of the repossession. As this Court stated in Suburban Homes Co. v. North (1914), 50 Mont. 108, 117, 145 P. 2:

" * * * If payment is to be made in installments, default in the payment of any installment is a distinct breach and gives the vendor the right to declare a forfeiture. The right must be promptly exercised, however; otherwise, the right being exclusively that of the [vendor], he will be presumed to regard the contract as still valid and existent. * * * "

The county could have repossessed the building immediately upon plaintiffs' failure to pay the 1970 installment when it was due. However, the county was not required to repossess the building, and could have either expressly waived the time provision or accepted late payment if such payment had been tendered. In either event, the contract would have remained in effect notwithstanding plaintiffs' default. Although not express, the county's waiver in the present case by its nonaction achieved the same result.

Plaintiffs concede that the county has an interest in the building and a corresponding right to the insurance proceeds to the extent of the unpaid balance of the purchase price. Although not named a loss payee in the insurance policy as required by the contract, the county still has an equitable lien on the insurance proceeds regardless of the positions of the parties at the time of the loss. American Equitable Assurance Co. v. Newman (1957), 132 Mont. 63, 70, 313 P.2d 1023.

The summary judgment of the District Court is vacated and the cause remanded for further proceedings consistent with this opinion.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____
Justices

-6-

Mr. Justice Frank I. Haswell, dissenting:

I would affirm the judgment of the District Court.

In my view all right, title or interest of plaintiffs in the property was terminated automatically on their failure to pay the first installment of the purchase price on June 19, 1970. The contract between plaintiffs and Silver Bow County expressly so provides in pertinent part:

> "That time is of the essence of this contract, and in the event that the purchaser or his assigns shall fail to pay any installment, when due * * * then and thenceforth the vendor shall be released from all obligation in law or equity to convey such property, and the purchaser, or his assigns, shall forfeit all right thereto. * * *" (Emphasis supplied.)

The majority find an implied waiver of this contract provision in the failure of the county to repossess the property for a period of five months. Fratt, cited and quoted in the majority opinion, holds that a breach terminates a contract of the type involved in this case " * * * unless the vendor elects to waive the time provision and continue the agreement in force."

It is axiomatic that a waiver is the voluntary relinquishment of a known right. I would not imply such voluntary relinquishment by the county of its contract right simply from its nonaction for a period of five months to formally repossess the property and cut off any rights of the plaintiffs under the contract, an action it was not required to take under the automatic termination provision of the contract. Hence no waiver, and the judgment of the District Court should be affirmed.

_____
                    Justice

Mr. Justice John Conway Harrison dissenting:

I concur in the dissent of Justice Haswell.

_____
                    Justice