No. 81-246

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

———————

I. J. HARES and IRMA HARES,
husband and wife,

Plaintiffs and Respondents,

vs.

RONALD W. NELSON,

Defendant and Appellant.

———————

Appeal from: District Court of the Thirteenth Judicial District,
In and for the County of Carbon
Honorable William J. Speare, Judge presiding.

Counsel of Record:

For Appellant:

Sally M. Johnson, Red Lodge, Montana

For Respondents:

Joseph E. Mudd, Bridger, Montana

———————

Submitted on briefs: July 30, 1981

Decided: NOV 2 5 1981

Filed: NOV 2 5 1981

_____
Thomas J. Kearney, Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Defendant-appellant, Ronald Nelson, appeals from a judgment entered in the Thirteenth Judicial District Court of the State of Montana, Carbon County, the Honorable William Speare presiding. This judgment terminated a contract for deed between the plaintiffs and the defendant due to defendant's default; granted possession of the property subject of the contract to the plaintiffs; ordered the defendant to sign all necessary documents to convey his interest to plaintiffs; and awarded reasonable attorney fees in the amount of $872.50 plus costs to the plaintiffs.

Plaintiffs, I. J. and Irma Hares, entered into a contract for deed with the defendant, Ronald Nelson, on December 29, 1978, whereby Nelson was to purchase 365 acres of land plus some buildings. The property, an old town site, is located in Carbon County, Montana. After the sale, the Hares rented their residence on this property. Other renters also remained on the property. The total purchase price was $92,750, together with interest of 8 percent per annum. Nelson was to pay this in monthly installments of $1,000, with no downpayment, beginning April 1, 1979. Nelson made payments April through October 1979.

No payment was made on November 1, 1979. The contract required written notices to be given and to be served upon the parties personally or by registered mail. The address in the contract for Ronald Nelson was P. O. Box 255323, Sacramento, California 95825.

The plaintiffs gave notice of default by mail and also through the Carbon County sheriff. Within the fifteen days allowed by contract to cure the default, Nelson made the $1,000 payment. However, he did not pay the attorney fees requested in the notice and required by the contract.

-2-

No further payments were made on the contract. In January 1980, Eric Brabec, a grandson of the Hares, attempted to give Nelson an accounting and a check for rentals collected from the buildings on the property. This was rejected by Nelson. At the same time, Brabec informed Nelson that a default notice was waiting for him at his post office box in Red Lodge, Montana. A notice of default was also sent to the California address as required by the contract. Neither notice was ever claimed.

The Hares then declared the full outstanding balance on the contract due and payable on February 8, 1980. At no time did Nelson offer to make full payment on the contract; he offered only the amount in arrears. The notice for the balance was also mailed but unclaimed.

No payments were made to cure the default. The Hares brought suit seeking to compel Nelson to execute all necessary documents to terminate his interest in the contract for deed.

Nelson answered and counterclaimed for an injunction to retain possession of the property pending the outcome of the action, as well as for specific performance of the contract. Nelson contended that an oral agreement had been reached by the parties to forestall payments on the contract until a proper accounting of the rents receivable from the Hares and collected from other renters by the Hares on behalf of Nelson was made.

Trial on this matter was held June 2, 1980. The District Court found that no agreement existed to prevent foreclosure proceedings. The District Court entered findings of fact and conclusions of law on January 16, 1981. A judgment in accordance with such findings and conclusions was entered on February 3, 1981.

The issues presented on appeal are:

1. Did the trial court err in declaring a forfeiture?

2. Did the trial court err in awarding attorney fees to the respondents?

Appellant Nelson contends that this Court should apply section 28-1-104, MCA, to prevent a forfeiture. That section provides:

> "*Relief from forfeiture.* Whenever by the terms of an obligation a party thereto incurs a forfeiture or a loss in the nature of a forfeiture by reason of his failure to comply with its provisions, he may be relieved therefrom upon making full compensation to the other party, except in case of a grossly negligent, willful, or fraudulent breach of duty."

Two important reasons exist for not applying section 28-1-104, MCA, in this instance. First, there is nothing in the record to indicate that appellant ever complied with section 28-1-104, MCA, by making full compensation to the respondents. Second, appellant made no claim to the District Court that section 28-1-104, MCA, was controlling. Therefore, since this section was not addressed by the trial court, this Court cannot review the application of the statute or the issue presented by it on appeal. See Rules 8(c) and 12(b), M.R.Civ.P. In Chadwick v. Giberson (1980), ____ Mont. ____, 618 P.2d 1213, 1215, 37 St.Rep. 1723, 1726, we held: "However, it is also a well-settled rule of law that alleged error as to issues not raised in trial court will not be considered on appeal." See also, State v. Armstrong (1977), 172 Mont. 296, 562 P.2d 1129; Spencer v. Robertson (1968), 151 Mont. 507, 445 P.2d 48; Clark v. Worrall (1965), 146 Mont. 374, 406 P.2d 822.

The trial court did not err when it declared a forfeiture and terminated the contract for deed. In Suburban

Homes Co. v. North (1914), 50 Mont. 108, 117, 145 P. 2, 5, this Court held:

> "If payment is to be made in installments, default in the payment of any installment is a distinct breach and gives the vendor the right to declare a forfeiture. The right must be promptly exercised, however; otherwise, the right being exclusively that of the plaintiff, he will be presumed to regard the contract as still valid and existent."

This rule was reaffirmed in Hansen v. Transamerica Ins. Co. (1978), 175 Mont. 273, 573 P.2d 663. This Court in Suburban Homes went on to say:

> "If the latter (the vendee) continues in default, the vendor, by demand for payment of the balance of the purchase money and notice of his purpose to terminate the contract in case of further default, may put the vendee upon his guard. If after such notice he does not make payment within a reasonable time, the vendor may declare the contract at an end." 145 P. at 5.

In this case appellant did not make payments on the contract for two months. Notice was sent by registered mail to his address as per the terms of the contract and to a Red Lodge, Montana, address. Respondents strictly complied with the default terms of the contract. The appellant did not.

Appellant contends that the reason he did not pay any attention to the notices of default was because he thought an oral contract for an offset had been entered into between himself and respondents. The alleged oral contract was to modify the written contract by allowing the appellant to offset rent, owed to him by respondents, against the monthly payments that were due on the contract for deed. However, the trial court found that no such oral contract was entered into and that at best there was merely an agreement to discuss some form of offset. Further, under section 28-2-1602, MCA, which provides that "[a] contract in writing may be altered by a contract in writing or by an executed oral agreement, and not otherwise," there could not have been a

proper modification of the written contract. Finally, the only recourse available to the appellant after he had failed to respond to the notices of default and forfeiture would have been to tender full compensation to respondents. Section 28-1-104, MCA. Appellant at no time offered to tender full compensation; the best he offered was to tender the payments owed.

The appellant argues that he did not receive effective notice according to the terms of the contract. The contract states:

> "It is further mutually agreed between the parties hereto that any notice to be given hereunder shall be served upon the parties personally <u>or by registered or certified mail</u> directed to the party or parties to be served at their respective addresses as set forth, to wit

> "Buyer -- Ronald W. Nelson
> P. O. Box 255323
> Sacramento, California  98525"
> (Emphasis added.)

Not only did respondents send notice to appellant at the California address, but they also sent notice to his Red Lodge, Montana, address. Further, Eric Brabec informed the appellant that a notice of default was at the post office in Red Lodge. Under the circumstances, the notice was sufficient, and the fact that notice of an earlier default was personally delivered does not mean that the mailed notices were in any way defective under the terms of the contract.

Appellant's final contention is that the trial court erred in awarding attorney fees to respondents.

The contract states:

> "In the event of default of the Buyer, Buyer agrees to reimburse the Seller, on demand, for all costs and expenses of whatsoever nature incurred by the Seller in enforcing any of the provisions of this agreement, including but not limited to, a reasonable attorney's fee for attorneys employed by the Seller in connection with the said default."

-6-

It is clear that the contract fairly provided for an award of attorney fees in the event of a default. The trial court justly awarded the fees in accordance with the terms of the contract.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices