No. 92-314

IN THE SUPREME COURT OF THE STATE OF MONTANA

1993

IN RE THE MATTER OF THE CLAIM OF
MARY JANE KOWALSKI

ANDREA "ANDY" BENNETT, State
Auditor and Commissioner of
Insurance of the State of Montana,

      Petitioner and Appellant,

  v.

GLACIER GENERAL ASSURANCE COMPANY,
a Montana corporation,

      Respondent and Respondent.

FILED

SEP 2 1993

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:  District Court of the First Judicial District,
In and for the County of Lewis and Clark,
The Honorable Jeffrey M. Sherlock, Judge presiding.


COUNSEL OF RECORD:

    For Appellant:

        Allen B. Chronister, Chronister, Driscoll
and Moreen, Helena, Montana

    For Claimant:

        Otis M. Underwood, Underwood & Associates,
Inc., Oxford, Michigan; and Thomas A. Budewitz,
Attorney at Law, Helena, Montana


Submitted on Briefs:  December 10, 1992

Decided:  September 2, 1993

Filed:

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Claimant Mary Jane Kowalski filed a claim against Glacier General Assurance Company, in liquidation, pursuant to § 33-2-1364, MCA. That claim was denied by the Commissioner of Insurance who had been appointed liquidator, and was, therefore, referred for a hearing to the referee appointed by Montana's District Court for the First Judicial District in Lewis and Clark County. After a hearing, the referee rendered an opinion, including findings of fact and conclusions of law. He recommended that the District Court order the liquidator to accept claimant as a Class 3 claim under § 33-2-1371(3), MCA, for payment of $163,696. Over the liquidator's objection, the District Court accepted the referee's opinion, findings of fact, and recommendation. The Commissioner of Insurance appeals from that order. We affirm the order of the District Court.

The issue on appeal is whether Mary Jane Kowalski, as a third-party claimant in the liquidation of Glacier General Assurance Company, was precluded by a judgment entered in her favor against Glacier's insured from claiming damages in an amount greater than the amount for which the judgment was entered.

FACTUAL BACKGROUND

Following the hearing conducted by the referee appointed by the District Court, the referee made and entered detailed factual findings. Those findings were not challenged by the liquidator in her objections filed with the District Court, and are not challenged on appeal. Furthermore, the liquidator has provided

2

this Court with no transcript from which this Court could independently evaluate the testimony submitted by the parties. Therefore, the following factual summary is based upon the referee's findings.

On May 8, 1980, Robert I. Lubin, a doctor of podiatry, performed a surgical procedure on claimant's right foot. That surgery was performed negligently. As a result, claimant had to undergo additional surgical procedures, has suffered continuous pain in her right foot, and now has significant physical impairment to her foot, as well as her right knee and hip. She has had to discontinue her former employment and is now limited to occupations which require no standing.

Claimant was 42 years old at the time of Dr. Lubin's surgery, and as a result of her physical impairment which was caused by that surgery, her earning capacity was significantly reduced.

From January 31, 1980, to January 30, 1981, Dr. Lubin was insured against professional liability by a policy issued by Glacier General Assurance Company.

On November 27, 1984, claimant filed suit against Dr. Lubin in Oakland County, Michigan, alleging that she had been injured due to his professional negligence.

On November 12, 1985, Glacier General Assurance Company was declared insolvent and ordered into liquidation by order of the District Court in Lewis and Clark County, Montana. Andrea Bennett, the State Auditor and Commissioner of Insurance, was appointed

3

liquidator and notice of the insolvency and liquidation was sent to Glacier General's policy holders and third-party claimants.

On April 28, 1986, the liquidator received a claim from claimant in compliance with § 33-2-1365, MCA, and on June 17, 1986, she also received a claim from Dr. Lubin, Glacier General's insured.

No response, nor additional information, was provided by the liquidator to claimant until her claim was denied.

On August 18, 1988, claimant concluded her litigation against Dr. Lubin in Michigan by settlement for $35,000. That settlement was formalized by the entry of a consent judgment against Dr. Lubin in the Circuit Court for the County of Oakland in the State of Michigan. However, claimant did not execute a release in favor of either Dr. Lubin, Glacier General Assurance Company, or the liquidator. The insurer who insured Dr. Lubin after January 30, 1981, paid $17,500 of the judgment, and the other half of the judgment was to be paid by Dr. Lubin personally within three years from the date of judgment.

When the consent judgment was entered, the liquidator recommended that Dr. Lubin's claim be allowed in the amount of $17,500 and that claimant's claim be denied.

Claimant, through her attorney, objected to the liquidator's recommendation and the contested claim was, therefore, referred to Mr. Jon Ellingson, the referee appointed by the District Court to hear contested claims in the Glacier General liquidation pursuant to § 33-2-1368(2), MCA.

4

In the proceedings before the referee, the liquidator defended her denial of claimant's claim on the basis that Glacier General's obligation under the terms of its policy with Dr. Lubin was limited to any sums that he was legally obligated to pay as damages, and that the amount he was legally obligated to pay had been conclusively established by the consent judgment previously entered in Michigan. The liquidator contended that since half of that judgment had been already satisfied by another insurer, and since she had agreed to indemnify Dr. Lubin for the remainder of that judgment, Glacier General had no further obligation to claimant.

Claimant responded that she settled with Dr. Lubin on the first day of trial because he had demonstrated that he was impecunious and she had been led to believe that Glacier General was so deep in debt that there was no insurance coverage with which to satisfy a judgment against him. She contended that it was not until 1989, after the consent judgment was entered, that she was first notified that there may be some funds available to pay her claim.

Claimant also pointed out that pursuant to § 33-2-1365(4), MCA, judgments entered against an insured, after a successful petition for liquidation, need not be considered as evidence of liability, or the amount of damages. The liquidator provided no authority to the contrary, and the referee, therefore, concluded that the value of claimant's claim was not conclusively established by the previous consent judgment. The referee concluded that, unlike other jurisdictions which had adopted statutes based on the

5

Model Insurers Supervision, Rehabilitation, and Liquidation Act, § 33-2-1367(1), MCA, of Montana's Act did not preclude a third-party claimant from filing a claim against an insured and a subsequent claim with the liquidator. He also concluded that *res judicata* was not applicable because of the nature of the judgment entered in Michigan and pointed out that there was no danger of double recovery in this case because § 33-2-1371(3), MCA, provides that the liquidator shall receive credit for any indemnification previously provided to claimant.

Based on these conclusions and the previous facts, the referee recommended that the liquidator be ordered to accept claimant's claim.

The referee's proposed order was issued on December 20, 1991. On January 9, 1992, the liquidator filed her objection to that recommendation in the District Court. New counsel was substituted to represent the liquidator in District Court, and additional arguments, including collateral estoppel, statutory estoppel, and equitable estoppel were asserted as bases for denying claimant's claim in liquidation. The District Court concluded that the new defenses were subsumed in the defense of *res judicata*, and that *res judicata* was not applicable based on § 33-2-1365(4), MCA. The District Court, therefore, accepted the recommendation of the referee and ordered the liquidator to accept claimant's claim in the amount recommended.

6

DISCUSSION

Mary Jane Kowalski's claim in this matter is governed by the terms of Montana's Insurers Supervision, Rehabilitation, and Liquidation Act found at § 33-2-1301 through -1388, MCA. That Act provides that the Insurance Commissioner may petition a district court for an order directing the Commissioner to liquidate a domestic insurer like Glacier General, when, among other reasons, the insurer is insolvent so that its continued operation would be detrimental to policy holders, creditors, or the public. Section 33-2-1341, MCA. When an order to liquidate an insurer is entered, the Commissioner serves as liquidator, takes possession of the insurer's assets, and administers the assets under the supervision of the court. Section 33-2-1342, MCA.

Notice of the insurer's insolvency and liquidation must be given to policy holders and third-party claimants, among others. Section 33-2-1346, MCA. Those persons with claims against the insolvent insurer may file claims with the liquidator who, based upon the assets available, may pay claims according to the statutory priorities provided for in § 33-2-1371, MCA.

Upon issuance of the order appointing a liquidator, existing actions against the insured can no longer be maintained, § 33-2-1348, MCA, and judgments entered after an order of liquidation are not considered evidence of liability or the quantum of damages for which the insolvent insurer is responsible. Section 33-2-1265(4), MCA.

7

When the liquidator denies a claim, the Act provides for a procedure for proving liability and the value of the claim. Section 33-2-1368, MCA. That procedure was followed in this case and resulted in the order from which the liquidator brings this appeal.

The liquidator does not challenge the findings of fact which were entered by the referee and adopted by the District Court. The liquidator appeals from the District Court's conclusions of law.

The scope of our review of questions of law is to determine whether the District Court's conclusions were correct. *United First Federal v. White-Stevens* (1992), 253 Mont. 242, 248, 833 P.2d 170, 174.

The legal issue we have been asked to decide is simply whether Mary Jane Kowalski, as a third-party claimant in the liquidation of Glacier General Assurance Company, was precluded by a consent judgment entered in her favor against Glacier's insured from claiming damages in this liquidation proceeding in an amount greater than the amount for which the judgment was entered.

In addition to those arguments made to the referee, the liquidator, on appeal, contends that claimant's claim was barred by equitable estoppel pursuant to our decisions in *Plouffe v. BN* (1986), 224 Mont. 467, 730 P.2d 1148, and *Dagel v. City of Great Falls* (1991), 250 Mont. 224, 819 P.2d 186. However, these arguments were not made to the referee who had the initial responsibility for considering factual evidence and resolving this dispute, and we will not review

8

an issue raised for the first time on appeal. *Hares v. Nelson* (1981), 195 Mont. 463, 466-67, 637 P.2d 19, 21.

Therefore, we turn our attention to the liquidator's primary argument which was presented to the referee as the basis for the liquidator's objection to claimant's claim. The liquidator contends that Glacier General's obligation to claimant is limited by the terms of its policy with its insured, Dr. Lubin. Pursuant to that policy, Glacier General became obligated to pay claimant only those amounts that "the insured shall become legally obligated to pay as damages during the policy period." The argument continues that the amount Dr. Lubin was obligated to pay was conclusively established by the consent judgment entered in the Circuit Court for the State of Michigan, and that pursuant to the principles of *res judicata*, claimant cannot relitigate the amount of her claim by claiming a greater amount in the liquidation proceeding in Montana. Under this theory, the liquidator contends that, in order to arrive at the recommendation that he made, the referee had to conclude that some terms of Glacier General's policy with its insured were "effectively altered" while others remained in effect, and that for that reason, future claimants, insureds, and liquidators will have no objective basis for evaluating claims made under any given policy.

It is true that the principles of *res judicata* normally preclude the relitigation of issues previously litigated between the same parties, or persons in privity with those parties. *Baertsch v. County*

9

*of Lewis and Clark* (1986), 223 Mont. 206, 727 P.2d 504. However, the principle of *res judicata* is a rule of common law which cannot be followed when inconsistent with clear statutory law. Section 1-1-108, MCA, provides that:

> In this state there is no common law in any case where the law is declared by statute. But where not so declared, if the same is applicable and of a general nature and not in conflict with the statutes, the common law shall be the law and rule of decision.

Claimant's claim against Glacier General has been presented pursuant to our statutory procedures for claims against insurers which have been declared insolvent and ordered into liquidation. To determine the effect of any prior judgment entered in her favor against a Glacier General insured, we must first refer to the terms of the liquidation statute, and only secondarily to case law. In this case, the liquidation statute very clearly addresses this issue. Section 33-2-1365(4), MCA, provides that:

> No judgment or order against an insured or the insurer entered after the date of filing of a successful petition for liquidation and no judgment or order against an insured or the insurer entered at any time by default or by collusion need be considered as evidence of liability or of quantum of damages. No judgment or order against an insured or the insurer entered within 4 months before the filing of the petition need be considered as evidence of liability or of the quantum of damages.

In this case, the consent judgment on which the liquidator relied was entered after the successful petition for Glacier General's liquidation.

Had the claimant agreed to a consent judgment of $1 million (Dr. Lubin's policy limits), rather than $35,000, there can be

10

little doubt that, based upon § 33-2-1365(4), MCA, the liquidator would not have felt compelled to honor her claim in that amount. The liquidator argues that the statute can only be raised by her in defense of claims. Yet, there is nothing in the plain language of that statute nor its legislative history, nor any authority provided to this Court, to suggest that it exists solely for the benefit of the liquidator. It is just as reasonable to conclude that its protection was intended for claimants who settle with impecunious insureds for less than their claim is worth, not knowing whether insolvent insurance companies will end up with sufficient assets with which to satisfy the full amount of their claims.

Therefore, we hold that pursuant to the statutory rules which control claims presented in liquidation, claimant's prior judgment did not conclusively establish the quantum of claimant's damages caused by Glacier General's insured, Dr. Lubin. The only procedure by which claimant could have established the amount that Dr. Lubin was legally obligated to pay her, once her claim was denied by the liquidator, was to present proof of those damages to the referee. This is what she did.

When the District Court ordered that claimant's claim be accepted in the amount proven to the duly appointed referee, it did not "effectively alter" the terms of Dr. Lubin's policy with Glacier General. It simply established what Dr. Lubin's obligation was pursuant to the only procedure provided for under Montana's Insurers Supervision, Rehabilitation, and Liquidation Act.

11

We hold that for these reasons claimant's claim in liquidation was not barred by the previous consent judgment entered in her favor in Michigan, and the District Court is affirmed.

_____
                    Justice

We concur:


_____
        Chief Justice





_____
                    Justices

12

Chief Justice J. A. Turnage dissenting:

The majority fails to point out that the referee clearly erred in ruling that the doctrine of res judicata does not apply to consent judgments. "A judgment by stipulation is as binding as any judgment or verdict, no more or less." Schillinger v. Brewer (1985), 215 Mont. 333, 338, 697 P.2d 919, 922.

Further, the peculiar result of this case is that the insurer, Glacier General, is being held liable on a covered claim for a greater amount than is its insured, Dr. Lubin. I invite the Montana Legislature to consider whether that is indeed the correct interpretation of § 33-2-1365(4), MCA, and of the Insurers Supervision, Rehabilitation, and Liquidation Act.

The existence of the insurance policy purchased by Dr. Lubin is the only reason Glacier General has any liability to plaintiff Kowalski. Section 33-2-1342(2), MCA, provides that the rights and liabilities of an insurer become fixed as of the date of liquidation of the insurer. This would seem to indicate that limitations on liability set forth under the terms of the insurance policy are fixed as of the date of liquidation.

Indeed, in affirming the decision of the referee, the majority upholds the referee's determination that Glacier General shall only be liable for damages incurred during the policy period. That determination honors one limitation under the policy of insurance. However, the majority then refuses to honor the insurance policy limitation providing that the insurer is only liable to pay sums "which the Insured shall become legally obligated to pay." This

13

refusal is based on the majority's conclusion that honoring the contract term which incorporates the Michigan judgment against the insured would violate the provision of § 33-2-1365(4), MCA, that "[n]o judgment or order entered within 4 months before the filing of the petition [for liquidation] need be considered as evidence of liability or of the quantum of damages."

I would limit the scope of § 33-2-1365(4), MCA, to direct consideration of judgments or orders entered within four months of the filing of a petition for liquidation. I would hold that § 33-2-1365(4), MCA, does not prohibit indirect recognition of such judgments or orders where they are relevant under a contract term. This would minimize the statute's interference with contracts and with the doctrine of res judicata, where, contrary to the position of the majority, such interference is not clearly required under the statute.

I therefore respectfully dissent from the majority opinion.

_____
Chief Justice

Justice Karla M. Gray:

I join in the dissent of Chief Justice Turnage.

_____
Justice

14